## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  Case No. 1:22-cr-1907-WJ

MAURICE LACEY,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR CONTINUANCE

**THIS MATTER** is before the Court on *pro se*[1] Defendant Maurice Lacey's motion for a continuance (**Doc. 105**). The United States opposes the request (**Doc. 106**). Having reviewed the pleadings and the applicable law, the Court concludes Mr. Lacey's request is without merit and the ends of justice will not be served by delaying trial. His motion is **DENIED,** and all previous deadlines and dates remain in effect.

### BACKGROUND

On October 25, 2022, Mr. Lacey was charged by criminal complaint (**Doc. 1**) with being a felon in possession of a firearm. He made his appearance before the Magistrate Judge on October 31, 2022, following his arrest (**Doc. 4**). Days later, Mr. Lacey moved to proceed *pro se* (**Doc. 16**). On November 23, 2022, Mr. Lacey was indicted by a federal grand jury on the same charges (**Doc. 18**). He was subsequently arraigned on December 1, 2022 (**Doc. 21**).

Trial was originally set for January 3, 2023 (**Docs. 22 & 23**), but due to late motions filings

---

[1] The Court affords "a liberal construction to pleadings of a defendant appearing *pro se*." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). Of note, within days of making his initial appearance, Mr. Lacey expressed an intense desire to represent himself. On November 7, 2022, following a *Faretta* hearing, U.S. Magistrate Judge Ritter approved Mr. Lacey's request to proceed *pro se* and simultaneously appointed standby counsel, which was the appropriate course of action at the time.

the Court granted the United States's request (**Doc. 28**) for a continuance (**Doc. 29**). The trial was reset for March 6, 2023. ***Id.*** As detailed in a previous Memorandum Opinion and Order (**Doc. 96**), Mr. Lacey underwent two competency[2] evaluations—which required the Court to vacate (**Doc. 46**) the trial date.

On December 13, 2023, the Court held a hearing to determine competency and reset the trial calendar (**Doc. 74**). At this hearing, Mr. Lacey explained he did not want the case delayed. ***Id.*** **at 2**. The parties agreed—and no objections were noted—to adding this case to the February trailing docket. Then, on December 15, 2023, the Court found Mr. Lacey competent to stand trial and to resume self-representation (**Doc. 75**). An "Order and Notice of Trial" was filed by the Court (**Doc. 79**) docketing the case for trial on March 25, 2024.

Since November 7, 2022, Mr. Lacey has represented himself (**Doc. 16**). Since January 2023, Mr. Lacey has asserted his speedy trial right (**Doc. 32**). And since March 20, 2023, Mr. Lacey has stated "everything that I need, I already have" (**Doc. 53 at 33–34**).

For the first time in nearly eighteen months, Mr. Lacey now states he needs more time. For the reasons explained below, the Court will not continue this matter. *See United States v. Toombs*, 574 F.3d 1262, 1271 (10th Cir. 2009) ("A record consisting of only short conclusory statements lacking in detail is insufficient.").

## DISCUSSION

First and foremost, Mr. Lacey's requested continuance demonstrates a reversal in his long-held course of action (**Doc. 106 at 2 & 4**). *See United States v. Sweet*, No. 21-cr-340, 2022 U.S. Dist. LEXIS 69468, at *5 (N.D. Okla. Apr. 14, 2022). In fact, Mr. Lacey filed a motion to

---

[2] Between February 10, 2023, and December 15, 2023, Mr. Lacey underwent two competency evaluations (**Docs. 55 & 67**). During this time, the Court revoked (**Docs. 51 & 60**) his right to proceed *pro se*, and standby counsel became appointed counsel (**Doc. 48 & 60**).

dismiss for violating his speedy trial rights one month before filing this motion for a continuance (**Doc. 85**). How does the Court reconcile these requests? Does Mr. Lacey want a speedy trial? Or does he want to delay his trial?

Naturally, the Court turns to the factors. When deciding whether to grant or deny a continuance, a court should consider: "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *United States v. Cervantes*, 4 F.4th 1089, 1093–94 (10th Cir. 2021); *see also United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993) (listing the same factors). On balance, these factors support denying the continuance.

## I. Mr. Lacey Has Not Acted Diligently

At the outset, the Court must consider if Mr. Lacey diligently sought the continuance. He did not. This case has been on the docket for two months—and was docketed as early as possible to accommodate both parties (**Doc. 74**).

Nevertheless, Mr. Lacey now—for the first time in this case's history—claims he needs more time to "identify his witnesses" and "review all discovery" (**Doc. 105 at 1**). This request is not well taken. Mr. Lacey has represented himself for sixteen months. He has demanded speedy trial. And he has been in the possession[3] of the vast majority of the United States' evidence for over a year (**Doc. 106 at 2**). According to the United States, Mr. Lacey was provided discovery in:

---

[3] The Court notes that **Doc. 106 n.1–5** explains, in full, what discovery was provided to Mr. Lacey and when. The Court views the evidence in two categories: (1) evidence provided before 2024, and (2) evidence provided in 2024. Between December 2022 and April 2023, the United States provided: Bates-Stamped pages 1–1786. The United States also provided dispatch logs, records of prior convictions, police reports, search warrants, lapel videos, and an ATF report. The vast majority of the evidence has been in Mr. Lacey's possession for well over a year. The "new" evidence provided to Mr. Lacey in 2024 includes: Bates-Stamped pages 1787–2238, jail calls, an amended fingerprint laboratory report, and certified conviction documents. Of consequence, the United States explains "the substance" of the amended reports or documents was previously provided. The 400-page "fingerprint report" was not only previously provided, but the United States "does not intend to use the documents." **Doc. 106 at n.4**.

(1) December 2022; (2) January 2023; (3) April 2023; (4) February 2024; and (5) March 2024. Upon review, the Court agrees that the recently disclosed discovery is "evidence that ha[s] minimal bearing on the case" or "evidence already known to Defendant." **Doc. 106 at 8**.

If Mr. Lacey needed more time to review the nearly 1,800 pages of discovery and digital evidence provided in 2022 and 2023, he should have brought this to the Court's attention. But he didn't. Instead, he maintained he was ready for trial. The fact that deadlines are approaching and Mr. Lacey may feel overwhelmed is insufficient grounds for a continuance. *See United States v. Pursley*, 577 F.3d 1204, 1228 (10th Cir. 2009) (explaining diligence must be demonstrated by a timely request and a logical need for the continuance); *see also United States v. Smith*, No. 11-cr-40080, 2011 U.S. Dist. LEXIS 127988, at *12 (D. Kan. Nov. 4, 2011) (finding *pro se* defendant did not act diligently when he asked for a continuance a few weeks before trial after having represented himself for months and known of the trial setting for months).

This factor supports the denial of the continuance.

**II. Delay Will Not Accomplish Any Stated Purpose**

Mr. Lacey posits he needs more time to "identify his witnesses" and "review all discovery" (**Doc. 105 at 1**). The discovery provided in February and March is minimal and can be reviewed in one to two months. Although more time to read and review is always helpful, it is not necessary. He has not mentioned by name any witnesses he plans to call. Although more time might possibly provide Mr. Lacey further opportunity to find witnesses, he has inadequately explained who those witnesses are or what information they might provide. *See United States v. DeWilliams*, 85 F. App'x 154, 159 (10th Cir. 2004).

Mr. Lacey has known of this case and trial setting for months. Reviewing additional evidence is not a sufficiently good reason to justify the delay. Especially so given that identifying

witnesses is an empty request. If Mr. Lacey has not identified helpful witnesses after sixteen months, what good is another sixty days?

Mr. Lacey chose to represent himself despite the Court warning Mr. Lacey about the pitfalls of proceeding pro se. A trial continuance should not be granted almost 3 weeks before jury selection just because of Mr. Lacey's procrastination or bad planning. *See United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019); *United States v. McCormick*, 993 F.2d 1012, 1013 (2d Cir. 1992).

This factor is, at best, a toss-up.

### III. Inconvenience to Opposing Party, Witnesses, and the Court

"Any continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses." *Cervantes*, 4 F.4th at 1094 (quoting *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990)). This sentiment rings true here.

Granting the continuance would certainly inconvenience the United States and witnesses (**Doc. 106 at 4**). Fourteen witnesses have been subpoenaed—including three experts and three individuals from out-of-state. *Id.* This is absolutely inconvenient to them. The United States also appears caught off-guard by this request—especially given that Mr. Lacey mentioned nothing of the sort[4] at the evidence viewing on February 29, 2024. *Id.* **at 4**. Moreover, the prosecutors are functionally unavailable due to a combined nine trials in the next two months. *Id.* **at 5**.

The Court also has a busy docket of criminal jury trials set for April, May, June, and July. Given the scheduling constraints, Mr. Lacey's request for a sixty-day continuance might very well turn into a hundred-day continuance. *See Cervantes*, 4 F.4th at 1094 (finding that the district

---

[4] According to the United States, Mr. Lacey asked for their position on an extension of time to file motions or replies (**Doc. 106 at 4**). At the same time, he "expressed no need for a continuance"—expressly stating he was against a continuance.

court's full calendar weighed against the continuance). That is not in the interests of justice.

This factor weighs against granting the continuance.

### IV. Denying the Continuance Does Not Harm Mr. Lacey

This final factor is "the most important." *United States v. Orr*, 692 F.3d 179, 1100 (10th Cir. 2012). And, significantly, Mr. Lacey has failed to demonstrate any prejudice if this continuance is denied. The continuance would, ostensibly, provide Mr. Lacey with more time to review discovery the United States does not intend to introduce. It also provides him another two months to think about who he might call as a witness. But, tellingly, there is no evidence that either of these reasons are meaningful. *See McClaflin*, 939 F.3d at 1118 (finding the denial of a continuance to provide Defendant more time to "accumulate additional mitigating evidence" was appropriate).

The Court agrees with the United States—Mr. Lacey will not be materially prejudiced by the denial of his motion for a continuance (**Doc. 106 at 7& 9**). First, Mr. Lacey knowingly and voluntarily chose to proceed *pro se* (**Doc. 16**). The fact that these deadlines may seem overwhelming for him now is exactly why the Court cautioned him against self-representation (**Doc. 74 at 2**). Nothing has changed in this respect. As the United States points out:

> His only real problem is that he now has to respond to the Government's motions in limine, file his own motions in limine, identify witnesses, and submit proposed jury instructions. These tasks can be easily completed in the remaining timeframe for the currently scheduled trial or should have been completed already.

**Doc. 106 at 7**. Second, Mr. Lacey is very familiar with his case—having stated "everything that I need, I already have" (**Doc. 53 at 33–34**). Third, he has demanded speedy trial numerous times. And perhaps most significantly, the lone charge of possession of a firearm by a convicted felon is not "so complex" as to warrant additional time. *See DeWilliams*, 85 F. App'x at 158 (upholding the district court's denial of a continuance in a 922(g)(1) case); *cf.* 18 U.S.C. § 3161(h)(7)(B)(ii).

The facts of this case "are simple." **Doc. 106 at 8**.

Candidly, the Court feels as though Mr. Lacey is playing games. Demanding speedy trial one month and then filing a continuance the next demonstrates Mr. Lacey will suffer no material prejudice. *See United States v. Henderson*., 382 F. App'x 736, 739 (10th Cir. 2010). Previously, Mr. Lacey's position was that delaying the trial would cause him harm. The Court, therefore, finds Mr. Lacey has not carried his burden in establishing a need for the continuance.

## CONCLUSION

The case law and relevant statute make clear: Defendant has not shown he needs a sixty-day continuance "to do something he has been unable to do before." *United States v. Broussard*, No. 19-cr-101, 2022 U.S. Dist. LEXIS 35860, at *8 (D. Minn. Mar. 1, 2022). Denying Mr. Lacey's continuance does not deprive him of "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). To the extent granting the motion will accomplish its stated purpose, all of the other factors support denial.

**IT IS THEREFORE ORDERED** that Mr. Lacey's Motion for a Continuance (**Doc. 105**) is **DENIED**. All deadlines and dates remain in place.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE