IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 1:22-cr-1907-WJ

MAURICE LACEY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
THE UNITED STATES' MOTIONS TO EXCLUDE ARGUMENTS AND EVIDENCE**

**THIS MATTER** is before the Court on several motions *in limine* filed by the United States to exclude certain Defense arguments and evidence (**Docs. 99, 101, 102, 103, 104**). No response is necessary[1] to resolve these the instant pleadings—as they simply ask for compliance with the Federal Rules of Evidence and Federal Rules of Criminal Procedure. Because the Court finds these rules-based motions are well-taken, they will be **GRANTED IN PART** and **DENIED IN PART**.

**APPLICABLE LAW**

Any evidence sought to be admitted at trial must be relevant. Relevant evidence is that which tends to "make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401; *see Old Chief v. United States*, 519 U.S. 172, 177 (1997). That being said, a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. "The trial court has broad discretion to determine whether or not prejudice inherent in otherwise relevant

---

[1] This Memorandum Opinion and Order only disposes of run of the mill motions to exclude. The Court will wait until briefing is complete before taking up the Rule 404(b) and prior conviction motions (**Docs. 97 & 100**).

evidence outweighs its probative value." *United States v. Youts*, 299 F.3d 1312, 1319 (10th Cir. 2000) (citing *United States v. Esch*, 832 F.2d 531, 535 (10th Cir. 1987)).

Furthermore, a district court has broad discretion to determine whether evidence is relevant—and to exclude irrelevant evidence. *United States v. Serrata*, 425 F.3d 886, 901 (10th Cir. 2005); *see also United States v. Mann*, 884 F.2d 532, 537 (10th Cir. 1989). This discretion also applies to the handling of evidentiary questions and presentation of proof. *See United States v. Rackley*, 986 F.2d 1357, 1362 (10th Cir. 1993); *cf.* Fed. R. Evid. 104(a) ("[t]he court must decide any preliminary question about whether . . . evidence is admissible."); Fed. R. Evid. 611(a) (empowering courts to exercise "reasonable control" over mode and presentation of evidence).

## DISCUSSION

**I. Motions to Exclude Various Defense Arguments**

The United States' pleadings seek to exclude: (1) factually unsupported defenses; (2) hearsay; (3) sentences or penalties; (4) irrelevant personal beliefs; and (5) undisclosed evidence. *See* **Docs. 99, 101, 102, 103, 104**. Several of the requests simply ask for compliance with the Federal Rules of Evidence or Federal Rules of Criminal Procedure. As such, they are ready for adjudication—or as ready as they can be. Some of the requests, as discussed below, must **DENIED without prejudice** as unripe. For those rulings, the parties can—and should—raise specific objections whenever—if ever—those issues arise during the course of trial.

The Court now addresses each request in turn.

**A. Precluding the defense of necessity or justification**

At the outset, the United States seeks to prohibit Defendant from arguing "a defense of necessity or justification." **Doc. 99 at 1**. As understood by the prosecution, Defendant is likely to claim "that Jane Doe or members of her family were drugging him and he suspected a sinister plot

2

to harm, or potentially kill, him, such that he felt compelled to shoot Jane Doe." *Id.* at 2.

Importantly, the Court notes that a Defendant does not have an "absolute right" to present the defenses of coercion, duress, or necessity at trial. *See United States v. Portillo-Vega*, 478 F.3d 1194, 1200–01 (10th Cir. 2007). Part of a trial court's gate-keeping responsibilities hinge upon allowing or precluding affirmative defenses. *United States v. Al-Rekabi*, 454 F.3d 1113, 1125 (10th Cir. 2006). And unless the Defendant is able to carry his burden on all the elements of an affirmative defense—the instruction should be denied. *Portillo-Vega*, 478 F.3d at 1197–99 (citing *United States v. Bailey*, 444 U.S. 394, 417 (1980)); *see also United States v. Butler*, 485 F.3d 569, 571–72 (10th Cir. 2007) (explaining a "criminal defendant is entitled to jury instructions concerning his theory of the case," so long as it is "supported by the evidence and the law").

The Tenth Circuit uses "the terms duress, necessity, and justification interchangeably." *Butler*, 485 F.3d at 572, n.1 (citing *United States v. Leahy*, 473 F.3d 401, 406 (3d Cir. 2007)); *see also* 10th Cir. Crim. Pattern Jury Instr. 1.36 (2021 ed., last updated July 14, 2023) (COERCION OR DURESS).[2] The burden is on the Defendant to prove by a preponderance of the evidence (**Doc. 99 at 3**). *See Dixon v. United States*, 548 U.S. 1, 17 (2006).

The affirmative defenses of necessity and justification are based on objective reasonableness. *See United States v. Dixon*, 901 F.3d 1170, 1181 (10th Cir. 2018). As such, the Defendants' "subjective beliefs are not controlling. *Id.* Thus, Defendant's argument that he "had" to shoot Jane Doe to avoid being poisoned does not give rise to this defense. *See* **Doc. 40 at ¶ 5; Doc. 92**. *Al-Rekabi*, 454 F.3d at 1121 (citing *United States v. Scull*, 321 F.3d 1270, 1275 (10th Cir.

---

[2] The Tenth Circuit Pattern Jury Instructions provide three elements for this defense: (1) the defendant was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself [or a family member, or others]; (2) the defendant had no reasonable, legal alternative to violating the law, that he had no chance both to refuse to do the criminal act and also to avoid the threatened harm; and (3) a direct causal relationship could have been reasonably anticipated between engaging in the criminal action and avoiding the threatened harm.

2003)).

If a criminal defendant had an opportunity to avoid the criminal act without danger to himself, he is not entitled to the instruction or defense. *See Shannon v. United States*, 76 F.2d 490, 493 (10th Cir. 1935); *United States v. Boomer*, 571 F.2d 543, 545 (10th Cir. 1978) (same); *see also United States v. Meraz-Valeta*, 26 F.3d 992, 995 (10th Cir. 1994) (holding a defendant must establish that "there [was] no legal alternative to violating the law" before availing himself of a necessity defense). As it stands, Defendant cannot establish that "all of his legal alternatives for avoiding the imminent threat were foreclosed." *United States v. Saldivar-Munoz*, 439 F. App'x 730, 735 (10th Cir. 2011) (unpublished). Quite simply, these would-be affirmative defenses are inapplicable here.

The Court finds this motion is well-taken and should be **GRANTED**. The Court will, of course, hear the parties on this issue again during the course of drafting jury instructions.

**B. Excluding self-serving hearsay**

The United States seeks to prohibit Defendants from "eliciting testimony or otherwise introducing evidence, either during direct examination or cross-examination, of Defendant's self-serving out-of-court statements." **Doc. 101 at 1**. While true that there is no hearsay exception that allows a Defendant "to introduce into evidence his own out-of-court exculpatory statements," the Court has no way of knowing what statements—if any—Defendant may seek to introduce. *United States v. Larsen*, 175 F. App'x 236, 241 (10th Cir. 2006) (unpublished). The United States' motion contains no specific hearsay statements—instead requesting the Court exclude hearsay. In so doing, the United States is asking the Court to make broad rulings on vague disputes without context. Because the Court declines to issue an advisory opinion to a nonspecific standing hearsay objection, this part of United States' motion is **DENIED without prejudice** as unripe.

The United States may raise hearsay objections at trial if, and when, appropriate. *See United States v. Calderon*, No. 22-113, 2022 U.S. Dist. LEXIS 222585, at *2 (D.N.M. Dec. 9, 2022) (Johnson, C.J.). Put another way—the hearsay rules will apply to all parties at trial. In this respect, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to exclude self-serving hearsay.

The Court will apply the Federal Rules of Evidence at trial. Counsel may object throughout trial as necessary and appropriate. Any such arguments about the admissibility of hearsay evidence should be made outside the presence of the jury.

## C. Excluding references to potential sentences, penalties, or punishment

The United States asserts that any reference to potential penalties, sentences, or punishment should be excluded at trial (**Doc. 102 at 1**). Such a request is unequivocally aligned with Supreme Court and Tenth Circuit[3] precedent. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) (explaining the jury's function is not to impose a sentence); *United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) ("A jury is obligated to reach its verdict without regard to what sentence might be imposed."). The Court has no discretion to depart from well-established precedent.

The United States' argument is well-taken. Defendant, as well as the United States, are therefore prohibited from "making any statement or argument . . . that implicated Defendant's potential sentence while the jury is present." **Doc. 102 at 3**. The Court **GRANTS** the United States'

---

[3] Although less weighty, the District of New Mexico has a plethora of opinions on this exact point—all of which prohibited evidence or argument about potential punitive exposure from being presented to the jury. *See e.g., United States v. Bustamante-Conchas*, No. 13-cr-2028, 2014 U.S. Dist. LEXIS 198234, at *1–4 (D.N.M. June 30, 2014) (Parker, J.); *United States v. Almanza-Vigil*, No. 15-cr-2605, 2015 U.S. Dist. LEXIS 196658, at *9, 11 (D.N.M. Dec. 10, 2015) (Brack, J.); *United States v. Edwards*, 266 F. Supp. 3d 1290, 1330–31 (D.N.M. 2017) (Browning, J.); *United States v. Coriz*, No. 17-cr-1105, 2019 U.S. Dist. LEXIS 79108, at *13 (D.N.M. May 10, 2019) (Herrera, J.); *United States v. Thompson*, 543 F. Supp. 3d 1156, 1160–61 (D.N.M. 2021) (Vázquez, J.); *United States v. Clay*, No. 22-cr-1841, 2023 U.S. Dist. LEXIS 73771, at *7 (D.N.M. Apr. 25, 2023) (Gonzales, J.) ("The jury's role is to determine guilt or innocence, not to engage in sentencing."); *United States v. Rivera*, No. 20-cr-1484, 2022 U.S. Dist. LEXIS 135923, at *1–2 (D.N.M. Aug. 1, 2022) (Riggs, J.); *United States v. Columbie*, No. 18-cr-2648, 2022 U.S. Dist. LEXIS 212048, at *2–3 (D.N.M. Nov. 22, 2022) (Urias, J.).

motion to exclude such evidence or argument.

**D. Excluding Defendant's beliefs about the Second Amendment**

Arguing "I thought the law applied differently than it does" is not relevant—let alone a defense to prosecution. *United States v. Capps*, 77 F.3d 350, 353 (10th Cir. 1996); *see also United States v. Rampton*, 762 F.3d 1152, 1157 (10th Cir. 2014) (citing *Cheek v. United States*, 498 U.S. 192, 199 (1991)). Argument from the Defendants that they were unaware they violated the law is no defense. *See United States v. Games-Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012) (explaining a defendant's lack of knowledge of the "legal consequences" of his actions is "simply ignorance of the law, which . . . has never excused disobeyance of a law").

Here, the United States seeks to exclude evidence or arguments that Defendant believes felons "can or should be permitted to possess firearms,"[4] or other "mistake of law" arguments. **Doc. 103 at 1**. The case law is clear on this point—the United States "need not prove a Defendant knew his status . . . prohibited him from possessing a firearm." *United States v. Benton*, 988 F.3d 1231, 1232 (10th Cir. 2021) (cleaned up); *see also Braswell v. United States*, 224 F.2d 706, 710 (10th Cir. 1955) (holding that a Defendant's "ignorance or mistake of law" regarding his status as a prohibited person for a firearm offense "is no defense").

"It is the Court's duty to instruct the jury as to what the law is," which makes Defendant's belief "as to what the Second Amendment means" irrelevant. *United States v. Warwick*, No. 16-cr-4572, 2017 U.S. Dist. LEXIS 180351, at *4 (D.N.M. Oct. 30, 2017). Because both the Rules

---

[4] To the extent Defendant wishes to raise any such argument, the Court will consider it in his Response to the Government's felony convictions motion (**Doc. 100**). Outside of that context, the Court will not entertain Defendant's interpretation of the law—as the case law is quite clear that felon in possession statute is constitutional. *See Vincent v. Garland*, 80 F.4th 1197, 1199 (10th Cir. 2023) (concluding *Bruen* did not overrule circuit precedent); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (upholding the constitutionality of 922(g)(1) offense after *Heller*); *see also United States v. Willis*, 2024 U.S. App. LEXIS 4740 (10th Cir. 2024) (unpublished) (reaffirming the constitutionality of 922(g)(1) felon in possession).

Assuming Defendant files a motion or otherwise raises an objection to the constitutionality of 18 U.S.C. § 922(g)(1), such objection would preserve his arguments—even if meriting no relief by this Court.

of Evidence and binding case law support the United States' position, the request must be granted.

Accordingly, the United States' motion to exclude Defendant's mistake of law or mistaken beliefs regarding the Second Amendment is **GRANTED**.

### E. Excluding defense exhibits under Rule 16

The United States also seeks to preclude Defendant and standby counsel from "asking any question, introducing any evidence, or making any statement or argument" regarding exhibits not previously provided (**Doc. 104 at 1**). Yet, the Court's Order and Notice of Trial (**Doc. 79**) does not require exhibit lists to be finalized until "**TWO (2) WEEKS** prior to trial." **Doc. 79-1 at 1**.

The fact that "Defendant has not provided any reciprocal discovery" is unavailing (**Doc. 104 at 1**). At this point, a lack of defense exhibits could mean that no defense exhibits will be introduced. It could, as the United States contends, also mean Defendant is not—or will not—comply with the discovery order and Rule 16. The Court has no way of knowing.

As of now, this request is **DENIED without prejudice** because it is unripe.

Nevertheless, the Court reminds the parties of their reciprocal discovery obligations pursuant to Federal Rule of Criminal Procedure 16(d)(2) and will reconsider this ruling, if necessary, during the course of trial.

## CONCLUSION

The Court acknowledges the United States' request to exclude hearsay, inappropriate legal standards, and exhibits are firmly rooted in both the Rules of Evidence and the Rules of Criminal Procedure. But given the lack of specificity, some of these motions to exclude are premature. The Court anticipates—and requires—that all parties will follow the rules of evidence, controlling case law, and the Court's rulings.

**IT IS THEREFORE ORDERED** that:

1. The United States' Motion *in Limine* to Exclude the Defense of Necessity or Justification (**Doc. 99**) is **GRANTED**;

2. The United States' Motion *in Limine* to Exclude Self-Serving Hearsay Statements (**Doc. 101**) is **GRANTED in part** and **DENIED in part**;

3. The United States' Motion *in Limine* to Exclude Evidence of Possible Penalties (**Doc. 102**) is **GRANTED**;

4. The United States' Motion *in Limine* to Exclude Evidence of Defendant's Personal Beliefs About the Second Amendment (**Doc. 103**) is **GRANTED**; and

5. The United States' Motion *in Limine* to Exclude Defense Exhibits Not Previously Provided (**Doc. 104**) is **DENIED without prejudice** as unripe.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE