IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 1:22-cr-1907-WJ

MAURICE LACEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING THE UNITED STATES' *RES GESTAE* MOTION

**THIS MATTER** is before the Court on the United States's motion *in limine* to introduce "uncharged conduct inextricably intertwined with the charged offense" (**Doc. 97**). Defendant opposes the introduction of such evidence (**Doc. 119**). Having carefully considered the briefs and relevant law, and being otherwise fully informed, the Court finds the United States' motion is well taken and will be **GRANTED**.

### BACKGROUND

Maurice Lacey was charged in a one-count Indictment (**Doc. 18**) for acts occurring on October 21, 2022. Specifically, he is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On that date, it is alleged that Mr. Lacey entered a Walmart located at 4700 Cutler Avenue NE and shot Jane Doe (**Doc. 97 at 1**) with a Glock pistol.[1]

Mr. Lacey's actions were captured on surveillance video and seen by witnesses. *Id.* **at 2**.

---

[1] The New Mexico case T-4-FR-2022005230 was filed on October 22, 2022, and charged Mr. Lacey with aggravated battery against a household member and assault with intent to commit a felony, in violation of NMSA 1978 §§ 30-3-16(C)(1) and 30-3-3. Less than a week later, the charges were dismissed without prejudice through an entry of nolle prosequi by the State. The only charge pending in federal court is felon in possession. 18 U.S.C. § 922(g)(1).

The Government contends that Mr. Lacey's "shooting of Jane Doe is direct evidence of his possession of the firearm." *Id.* **at 4**. In order to prove its case, the Government explains they must be allowed to offer evidence regarding the alleged shooting. In other words, the relevant and probative evidence of the crime of felon in possession of a firearm and ammunition that the Government must present to the jury to satisfy its burden of proof is so intertwined with the shooting of Jane Doe that the Government cannot separate out the evidence necessary to prove the crime of felon in possession without also presenting evidence that Mr. Lacey shot Jane Doe. The Court agrees.

## APPLICABLE LAW

Intrinsic evidence is not subject to Rule 404(b), so long as the evidence is "inextricably intertwined," "part of a single criminal episode," or "were necessary preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011). Intrinsic evidence is "essential to the context of the crime." *Id.* This evidence is "also known as *res gestae*." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022). Sometimes courts even describe this evidence as "part and parcel of the proof of the offense." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). No matter the name[2], evidence that cannot be separated from the crime charged is admissible. *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (explaining *res gestae* evidence is that which is "inextricably connected" or "could not be separated from the charged crimes").

Of course, *res gestae* evidence is still subject to Rule 403's balancing test—meaning that

---

[2] To this point, U.S. District Judge Robert Brack summarized that circuit precedent on the proper terminology varies— from "intrinsic evidence," to "part and parcel evidence," or "*res gestae*." *See United States v. Lujan*, No. 05-cr-924, 2011 U.S. Dist. LEXIS 164186, at *13–28 (D.N.M. May 11, 2011). Never mind the name, he explained that the contextual or background evidence must have a direct relationship to an element of the offense or have occurred simultaneously with the act charged. *Id.* at *22 (citing cases).

2

it may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Although the admission of evidence favorable to the prosecution is certainly prejudicial to any criminal defendant, unfairly prejudicial is a high bar. *See United States v. Murry*, 31 F.4th 1274, 1291 (10th Cir. 2022) ("Our cases favor admission of relevant evidence not otherwise prohibited."). Even "damning evidence" should not be excluded. *United States v. Montoya*, 527 F. App'x 716, 721 (10th Cir. 2013) (unpublished). Rather, the exclusion of relevant evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *United States v. Otuonye*, 995 F.3d 1191, 1206 (10th Cir. 2021). Thus, exclusion is only required if the evidence will "provoke an emotional response in the jury or otherwise tend to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Ford*, 613 F.3d at 1268 (cleaned up).

## DISCUSSION

Mr. Lacey is correct in his recitation of relevancy. He notes that evidence is relevant "when it tends to make a fact more or less probable than it would be without it." **Doc. 119 at 1**. But here, the possession of the weapon occurred at the same time of the shooting. According to Mr. Lacey, however, "the introduction of this evidence is to prove no material fact other than the Defendant's disposition." **Doc. 119 at 1**. The Court disagrees. As mentioned above, the possession of the weapon occurred before, during, and after the shooting of Jane Doe. Regarding the necessary "plus value," *id.*, of the evidence—this goes to Mr. Lacey's knowledge of possession. On this point, the Government states:

> While it is true that Defendant is clearly on video possessing the firearm after the shooting, to preclude evidence of the shooting would significantly hamper the United States' ability to establish the extent of Defendant's knowledge as it relates to his possession of the firearm and ammunition charged in the indictment.

3

**Doc. 97 at 6**. According to the Government, Mr. Lacey "walked into Walmart, followed Jane Doe to the employee breakroom, and shot her . . . left the breakroom, placed the gun on the [customer service desk] counter, and told employees that he just shot Jane Doe." *Id.* **at 1**.

In this case, evidence regarding the shooting is a necessary "preliminary" to the crime charged. *See United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993). The evidence is needed to provide a full presentation of the case and completion of the story. Put simply, the shooting is so linked together in time and circumstance with the crime charged, that it is *res gestae*. *See generally United States v. Sarracino*, 131 F.3d 943, 949 (10th Cir. 1997); *Kimball*, 73 F.3d at 272; *United States v. Cook*, 745 F.2d 1311, 1317 (10th Cir. 1984). The entire reason Mr. Lacey is charged with being a felon in possession of a firearm revolves around the time he possessed the firearm inside Walmart and shot Jane Doe. Necessarily then, the shooting evidence makes a fact of consequence—either Mr. Lacey's possession of the firearm, knowledge of the possession, knowledge (or disregard) of his felon status, or intent—"significantly more or less likely than without that evidence." *Piette*, 45 F.4th at 1156.

## I. Inextricably Intertwined *Res Gestae* Evidence

According to the Government, the Defendant's act of shooting Jane Doe is inextricably intertwined with the charged offense. So much so, that the Government seeks to introduce the following evidence related to the shooting in order to prove the charged offense: (1) surveillance video and testimony from Walmart employees regarding the fact Mr. Lacey met with Jane Doe on the date of the offense in violation of a restraining[3] order; (2) testimony from a Walmart employee who witnessed Defendant shoot Jane Doe and also heard Defendant's "incriminating admissions"

---

[3] The restraining order (**Doc. 97 at 1, 4, n.1**) is categorically not *res gestae* evidence. It has no bearing on the felon in possession charge. Unlike the shooting—which happened during the time Mr. Lacey possessed the firearm—the existence of a restraining order does not make a fact of consequence more likely. Fed. R. Evid. 401.

4

about why he shot Jane Doe; (3) testimony from another Walmart employee who heard Defendant admit to possessing a firearm and shooting Jane Doe; (4) the 911 call; and (5) testimony regarding a firearm casing match. **Doc. 97 at 4**.

Given the extreme probative force of the shooting evidence, it cannot be excluded. Even though this evidence may evoke an emotional response from the jury—it does not "suggest decision on an improper basis." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). After weighing the evidence and giving it "its maximum reasonable probative force and its minimum reasonable prejudicial value," it becomes quite clear this evidence must be admitted. *Murry*, 31 F.4th at 1291. Excluding the evidence would be confusing and would paint an incomplete picture of how, when, and why Mr. Lacey possessed a firearm on October 21, 2022. *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994).

Without the admission of this evidence, the jury would wonder what was Mr. Lacey doing at Walmart with a firearm? And did he have a firearm the whole time? Or did someone hand it to him? They might also wonder if the firearm functioned. Maybe it was a toy gun? What did Mr. Lacey know about the firearm when he possessed it? The proffered evidence answers all those questions. In fact, Mr. Lacey's own admissions would not be fully admissible if the Court disallowed the inextricably intertwined evidence (**Doc. 97 at 4**). Presenting this case without evidence of the shooting is "nearly impossible." *Id.* **at 6**.

The Court will not exclude this evidence and require the Government to skip the first half of the story—the shooting is necessary to tell the story of the crime on trial. *Kimball*, 73 F.3d at 272. In this case, the possession of the weapon occurred before, during, and after the shooting of Jane Doe on October 21, 2022. If the Court disallowed this *res gestae* evidence, then the Government would not be able to present the entire timeframe in which Mr. Lacey was committing

the § 922(g)(1) offense. Quite simply, this is not an extended prologue that the jury can skip; instead, these are necessary facts inextricably intertwined with Mr. Lacey's alleged possession of the firearm. *See Young v. Stephens*, 776 F. App'x 976, 978 (10th Cir. 2019) (unpublished) (explaining evidence is admissible when it "complete[s] the story" because jurors "who hear a story interrupted by gaps" will be confused by the "missing chapters").

## II. Rule 404(b) Evidence

Alternatively, the United States explains this evidence could be admitted under Rule 404(b). That is also true. Evidence concerning Defendant's knowledge, possession, or use of the firearm and ammunition, as well as his status as a convicted felon, is relevant and conditionally admissible under Rule 404(b) for the purpose of showing Defendant's motive, knowledge, plan, and lack of mistake or accident. Such testimony is offered for a proper purpose under Tenth Circuit caselaw indicating knowledge. *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (explaining a Defendant possessed a firearm on other occasions is admissible to show knowledge and intent); *United States v. McGlothin*, 705 F.3d 1254, 1265 (10th Cir. 2013) (explaining possession of a firearm on a different occasion is not 404(b) evidence).

But Mr. Lacey disagrees (**Doc. 119 at 1–2**). He argues "the admission of the requested evidence alters the fact of possession of a firearm in no factual manner." *Id.* **at 2**. According to the Defendant, the evidence of the shooting is extrinsic, irrelevant, and inadmissible. *See supra* ¶ I. The Court is not persuaded. After arguing the evidence should not be admitted as *res gestae*, Defendant next argues the evidence is inadmissible, irrelevant, and unfairly prejudicial. What evidence is admissible? How does the Court unloose this Gordian Knot? Naturally, we turn to the Rules.

Felon in possession cases are imputed with a Defendant's mental state. In fact, two of the

elements require the Government to prove "knowingly." And Rule 404(b) permits the Government to prove knowledge by other acts. *See United States v. Huddleston*, 485 U.S. 681, 691–92 (1998) (outlining the four prongs for admitting Rule 404(b) evidence). The United States must prove:

> *First*: The Defendant knowingly possessed a firearm or ammunition;
> *Second*: The Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition;
> *Third*: The Defendant knew he was convicted of a felony at the time he possessed the firearm or ammunition; and
> *Fourth*: Before the Defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.[4]

Evidence of the shooting is proof of Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident (**Doc. 97 at 5**). Proof of Mr. Lacey possessing the firearm is tied to his: motive[5] (the shooting Jane Doe), opportunity (the second entrance to Walmart on October 21, 2022), plan (to shoot Jane Doe), knowledge (that the firearm was real and loaded), identity (as shown in the surveillance video and seen by witnesses), and absence of mistake or lack of accident (his possession was knowing and intentional). Any prejudicial value of the evidence is substantially mitigated by the fact it is "a drop in the fairly large bucket of evidence" that is already overflowing regarding Mr. Lacey's possession of the firearm. *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008).

Trial testimony will be limited to some version of the following: "On October 21, 2022, did Mr. Lacey knowingly possess a firearm as a felon?" The Government hopes to prove "yes." And Mr. Lacey hopes they do not. But Mr. Lacey does not want the Government to introduce

---

[4] These elements are taken directly from the Tenth Circuit Pattern Jury Instructions (Criminal) § 2.44 (2021 ed., last updated July 14, 2023).
[5] The Court will not allow evidence regarding the restraining order (**Doc. 97 at 1, 4, n.1**) to be introduced during the Government's case in chief. It is not *res gestae* evidence. And although it is properly noticed 404(b) evidence, it currently has no bearing on the felon in possession charge. Nevertheless, if Mr. Lacey opens the door, then the Government should bring this to the Court's attention for reconsideration—outside the presence of the jury. If the door is, in fact, opened—then the restraining order may become relevant and admissible.

evidence to prove up his mental state. He argues the "Defendant's state of mind" is irrelevant. As explained above, that is incorrect. Generally speaking, the Government "is entitled to prove its case by evidence of its own choice." *Old Chief v. United States*, 519 U.S. 172, 186 (1997).

For reasons distinct from those mentioned *supra* ¶ I, the Court finds the existence of the restraining order (**Doc. 97 at 1 & 4**) is likely admissible under Rule 404(b). The existence of the restraining order *may* implicate Mr. Lacey's motive, opportunity, or plan for going to Walmart to see Jane Doe on October 21, 2022. At the same time, however, it appears from the briefing that the United States does not intend to offer the restraining order into evidence during their case-in-chief (**Doc. 97 at 4 n.1**). At this time, the Court will exclude reference to the restraining order—subject to the Defendant opening the door. Currently, the probative value of the restraining order is weak—and its prejudicial value is moderate. On balance, then, this evidence will be excluded at this time. *See United States v. Lopez-Medina*, 596 F.3d 716, 733 (10th Cir. 2010) (explaining a Defendant can "open the door" to the admission of otherwise excludable evidence).

## III. To Give a Jury Instruction or Not to Give a Jury Instruction?

First and foremost, the Court holds the evidence is admissible as inextricably intertwined *res gestae*. This appears to mean no jury instruction is required. *See United States v. Bowie*, 232 F.3d 923, 928 (D.C. Cir. 2000) ("Treating evidence as inextricably intertwined not only bypasses Rule 404(b)" but also eliminates "the defense's entitlement, upon request, to a jury instruction"); *see also Irving*, 665 F.3d at 1214 (Hartz, J., concurring).

Even so, the Court tends to agree with the Government that a modified jury instruction is appropriate (**Doc. 97 at 7**). The Court filed Proposed Jury Instructions on March 14, 2024 (**Doc. 116**). In that filing, the Court included a proposed instruction based upon the Tenth Circuit's Pattern Jury Instruction Number 1.30. ***Id.* at 19**. Given that this circuit does not have a *res gestae*

8

instruction—nor do any of our sister circuits—the Court would appreciate input on: (1) if a limiting 404(b) limiting instruction is necessary given the ruling this evidence is *res gestae*, and (2) if so, is this modified instruction appropriate.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' Motion *in limine* (**Doc. 97**) is **GRANTED**. Witness testimony, video evidence, the 911 call, and other evidence related to the shooting of Jane Doe are admissible—subject to the one caveat described above.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE