IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                            Case No. 1:22-cr-1907-WJ

MAURICE LACEY,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' MOTIONS TO ADMIT DEFENDANT'S PRIOR CONVICTIONS

**THIS MATTER** is before the Court on the United States' Motion to Admit Defendant's Prior Convictions (**Doc. 100**) and Rule 609 Motion (**Doc. 98**) as well as *pro se*[1] Defendant's Responses to both filings (**Docs. 118 & 120**). Having reviewed the briefs and relevant law, and being otherwise fully informed, the Court finds the United States' motions are well-taken and must be **GRANTED**.

### BACKGROUND

Maurice Lacey is charged in a one-count Indictment (**Doc. 18**) for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At the pretrial conference, the Court inquired about the status of a felony conviction stipulation—but Mr. Lacey[2] was not inclined to stipulate (**Doc. 125**). To date, Defendant has refused to stipulate to his felon status (**Doc. 100 at 5**).

---

[1] The Court necessarily affords "a liberal construction to pleadings of a defendant appearing *pro se*." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

[2] Despite the Court's admonitions at the *Faretta* hearing (**Docs. 74 & 75**), Defendant continues to waive his right to counsel and proceed *pro se*. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (discussing the "dangers and disadvantages of self-representation"); *Iowa v. Tovar*, 541 U.S. 77, 78 (2004) ("Warnings of the pitfalls of proceeding to trial uncounseled must be rigorously conveyed."). Given Mr. Lacey's desire to represent himself, standby counsel was appointed (**Docs. 16, 47, 48, 75**). *United States v. Padilla*, 819 F.2d 952, 959 (10th Cir. 1987).

Accordingly, the United States seeks to admit certified documents regarding Mr. Lacey's five felony convictions (**Doc. 100 at 1–2**). Mr. Lacey, however, requests the Court "order that no mention of prior felony content be allowed, either directly or indirectly." **Doc. 120 at 1**.

## APPLICABLE LAW

In a prosecution for felon-in-possession, 18 U.S.C. § 922(g)(1), the United States must prove: (1) the Defendant knowingly possessed a firearm; (2) the Defendant was previously convicted of a felony; (3) the Defendant knew he was a convicted felon when he possessed the firearm; and (4) that the possession was in or affecting interstate or foreign commerce. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019); *see generally United States v. Benton*, 988 F.3d 1231 (10th Cir. 2021) ("[T]he government need not prove a defendant knew his status under § 922(g) prohibited him from possessing a firearm."); *cf.* Tenth Circuit Pattern Jury Instructions (Criminal) § 2.44 (2021 ed., last updated July 14, 2023).

Even so, the United States does not have unfettered discretion to prove felon status. In the case of *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court determined allowing the prosecution to admit evidence about a Defendant's prior convictions when a Defendant is willing to stipulate is unduly prejudicial. *Id.* at 190–91; *United States v. Herrera*, 51 F.4th 1226, 1256 (10th Cir. 2022) (stating *Old Chief* applies "only when . . . a defendant offers to stipulate" to being a felon).

If a Defendant offers to stipulate that he is a felon—the United States cannot reject this proposal and offer details about the prior convictions into evidence. *Old Chief*, 519 U.S. at 190–91; *United States v. Silva*, 889 F.3d 704, 712–13 (10th Cir. 2018) (explaining when "equally probative but less prejudicial alternative evidence—the stipulation" was available, the Government is excluded from presenting details about the convictions). But when a Defendant refuses to

2

stipulate, the United States is entitled to prove its case as it chooses. *Old Chief*, 519 U.S. at 186; *United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000) (explaining a stipulation "thereby shield[s] the jury from the prejudicial details of [the Defendant's] prior activities").

## DISCUSSION

### I. Mr. Lacey's Refusal to Stipulate

As discussed at the pretrial conference, Mr. Lacey refused to enter into the written stipulation drafted by the Government (**Doc. 125 at 1**). The Court then addressed that a stipulation to items 1 and 2 of the stipulation—status and knowledge—would prohibit the Government from introducing Mr. Lacey's convictions during their case-in-chief. *Id.* **at 2**.

A stipulation is an admission to a specific factual element that waives the Defendant's right to a jury trial on that element. *See United States v. Mason*, 85 F.3d 471, 472–73 (10th Cir. 1996) ("By stipulating to elemental facts, a defendant waives his right to a jury trial on that element.").

Nevertheless, Mr. Lacey contends "the defendant is willing to stipulate to the fact he has previously been convicted of a felony." **Doc. 120 at 1**. Mr. Lacey appears confused about what it means to enter into a stipulation. He hasn't stipulated. And he doesn't appear willing to—at least outside of his Motion Response.

Despite Defendant's refusal to stipulate (**Doc. 100 at 5**), Mr. Lacey seeks to exclude evidence that he is a felon (**Doc. 120 at 1**). He cannot have it both ways. If he stipulates, then the scope of admissible evidence is limited. But if he doesn't stipulate, then the United States is entitled to present evidence to prove up the convictions. *See United States v. Aranda-Diaz*, 31 F. Supp. 3d 1285, 1289 (D.N.M. 2014) (explaining the United States can "prove up an element that the Defendant has chosen not to stipulate to—his status as a previously convicted felon").

Unlike the Defendant in *Old Chief*—who offered to stipulate—Mr. Lacey distinguishes

3

himself by his desire to keep from the jury his prior felony record. Naturally, the Government asks the Court to allow admission of records "demonstrating **the fact** of Defendant's prior felony convictions." **Doc. 100 at 5–6**.

For the reasons explained below, the Government's request is granted.

**II. Rule 403 Balancing**

Generally speaking, the "nature and underlying circumstances" of a Defendant's convictions are immaterial. *United States v. Wacker*, 72 F.3d 1453, 1472 (10th Cir. 1995); *United States v. Prieto*, 565 F. App'x 758, 763 (10th Cir. 2014) (precluding "the nature and substance of the felony"). But again, the Government can admit information about the felony convictions when a Defendant refuses to stipulate. *See United States v. Bagby*, 696 F.3d 1074, 1084 (10th Cir. 2012) (refusing to stipulate required the Government to prove the Defendant's felon status). This is a delicate balance. And the Defendant's convictions should not be "parade[d]" or exploited in an unduly prejudicial fashion. *Id.* (quoting *United States v. Dean*, 76 F.3d 329, 335 (10th Cir. 1996)).

The Tenth Circuit has shown a preference for the "use of a redacted record, stipulation, affidavit, or other similar technique"—if possible. *Wacker*, 72 F.3d at 1472. Of course, *Wacker* was decided before *Old Chief*. And no published, precedential case has cited this requirement since *Old Chief* was decided. Likewise, the *Bagby* Court cautioned the Government that the combined holdings of *Wacker* and *Old Chief* are "persuasive" in that "only the fact of prior conviction"[3] is relevant to a § 922(g) charge. *Bagby*, 696 F.3d at 1085 n.11.

But *Rehaif* altered the landscape of § 922(g) by adding a new element. And there are no Tenth Circuit cases discussing the interplay of *Old Chief* and *Rehaif* when a Defendant refuses to

---

[3] The Tenth Circuit has applied harmless error analysis to the erroneous admission of the "nature" of underlying felonies after a Defendant offers to stipulate. *See generally United States v. Wilson*, 107 F.3d 774 (10th Cir. 1997) (concluding the district court's error in admitting the nature of the prior conviction was harmless).

4

stipulate. As Justice Alito noted, the "logic of *Old Chief* is undermined" by the holding of *Rehaif*. *See Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting). This leaves the Court between a rock and a hard place. In proving "the fact" of Mr. Lacey's prior convictions, what evidence is admissible?

Two district court cases provide some insight—and both rely on the same analysis. The Court in *Old Chief* recognized that "knowledge" is a legitimate justification for proving an "issue other than status." *United States v. Gilliland*, No. 21-cr-123, 2022 U.S. Dist. LEXIS 1804, at *5 (E.D. Okla. Jan. 5, 2022) (citing *Old Chief*, 519 U.S. at 190). In much the same way, a Defendant cannot "use an *Old Chief* stipulation offensively to prohibit the Government from introducing evidence of [] knowledge and thus hinder the Government's ability to present its case." *United States v. Grant*, No. 20-cr-058, 2020 U.S. Dist. LEXIS 237256, at *4–5 (D. Colo. Dec. 17, 2020). Both district courts allowed the Government to present evidence regarding the underlying convictions in order to prove knowledge post-*Rehaif*—and in accordance with *Old Chief*.

Circuit precedent outside the Tenth Circuit is also instructive and persuasive.

The Second Circuit reasons that when a Defendant refuses to stipulate, evidence of past convictions should generally survive Rule 403 analysis. *United States v. Mack*, 2021 U.S. App. LEXIS 31274, at *6–10 (2d Cir. Oct. 19, 2021) (unpublished).

The Fifth Circuit agrees. *See United States v. Staggers*, 961 F.3d 745, 756 (5th Cir. 2020) (explaining a Defendant cannot keep the details of his prior convictions from the jury if he refuses to stipulate to "both the felon-status element and the knowledge-of-felon-status element").

And so does the Sixth Circuit. *See United States v. Johnson*, 803 F.3d 279, 282–83 (6th Cir. 2015) (concluding that the admission of certified copies of prior convictions with the name of the offense was not error); *United States v. Davis*, 515 F. App'x 486, 487–88 (6th Cir. 2013) (unpublished) ("Having refused a stipulation that would have expedited the trial and benefitted

5

him by not disclosing the nature of his prior felonious conduct, [Defendant] has no cause to complain about the introduction of evidence proving that he was in fact a convicted felon.").

Most insightful is the Eighth Circuit's analysis that the "what," "who," and "when" of the convictions are admissible. *See United States v. Richardson*, 40 F.4th 858, 865–66 (8th Cir. 2022); *see also United States v. Richardson*, 2024 U.S. App. LEXIS 2805, at *7–8, 92 F.4th 728 (8th Cir. 2024). In *Richardson I* and *II*, the Court held that when a Defendant refuses to enter into an *Old Chief* stipulation, the Government is permitted to address: the name and nature of the offense, the identity of the person who committed the offense, the date of the offense, and the length of the sentence. *Id.*

Finally, the Eleventh Circuit explained it was "imprudent to hamstring the Government in the case where a defendant refuses to stipulate to felony status." *United States v. Clark*, 32 F.4th 1080, 1091 (11th Cir. 2022) (finding no error in the admission of eight prior felony convictions into evidence).

Based on these cases, the Court finds that the Government is entitled to introduce "the facts" of the convictions to prove Mr. Lacey's felon status and knowledge[4] of felon status. Put another way, the "facts" that the United States can elicit in proving the case are the name and nature of the offense, the identity of the person who committed the offense, the date of the offense, and the length of the sentence. And, in so doing, the Government is free to admit the certified, self-authenticating Judgments (**Doc. 100 at 2–4 & n.1–10**).

### III. Impeachment by Felony Conviction

Certain protections recede when a Defendant chooses to testify[5]. Rule 609 states that a

---

[4] Mr. Lacey appears to have pleaded guilty to embezzlement (**Doc. 100 at 2 n.1**), aggravated battery (***Id.* at 3 n.3**), and the 2010 drug trafficking offense (***Id.* at 4 n.7**). Therefore, these guilty pleas are extremely probative in proving that Mr. Lacey knew he was a convicted felon.
[5] For the purposes of Rule 609 analysis, the Court assumes Mr. Lacey will testify. That said, the Court is not certain

6

witness's character may be impeached by felony criminal convictions. Fed. R. Evid. 609(a). As applied to testifying Defendants, the Rule goes on to state the evidence of a criminal conviction "must be admitted in a criminal case in which the witness is a defendant." *Id.* at (a)(1)(B).

Here, all of Mr. Lacey's felony convictions are more than 10 years old—so subparagraph (b) requires both reverse 403 balancing and notice. Fed. R. Evid. 609(b)(1)–(2). The United States' Motion and Notice (**Doc. 98**) complies with the first prong; so, the Court need only conduct a reverse Rule 403 analysis on the second.

On cross-examination in particular, the Government is permitted to question a Defendant about "the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Howell*, 285 F.3d 1263, 1267 (10th Cir. 2002); *see also United States v. Albers*, 93 F.3d 1469, 1479-80) (10th Cir. 1996). Of course, the Court still serves as the gatekeeper. A trial court considers several factors in conducting Rule 609 balancing, namely: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).

Applying the *Smalls* factors to the instant case, the Court finds the impeachment value is extremely high. Especially so given that Mr. Lacey disputes being a felon. *See* **Doc. 118 at 1** ("none of said convictions have anything to do with . . . my current case of Felon in possession."); **Doc. 120 at 1** ("Defendant's own statement outweigh[s]" evidence necessary "to prove prior conviction"). At the same time, these convictions are old—stemming from 1982, 1995, 2005, 2010, and 2011 (**Doc. 98 at 1–2**). This particular factor weighs in Mr. Lacey's favor.

---

that he will—as this decision is his and his alone. *United States v. Oakes*, 680 F.3d 1243, 1248 (10th Cir. 2012).

7

Cutting against the Defendant, however, is the extremely high probative value of the convictions. Especially so because it appears that Mr. Lacey's defense will be to contest the convictions or his knowledge of the convictions. As such, this Rule 609 evidence is highly probative and substantially outweighs any prejudicial effect. The evidence goes directly to the heart of Mr. Lacey's credibility and his presumed testimony. The worry that the jury will convict Mr. Lacey simply because he is a "bad person [who] deserves punishment" is low—as the convictions are for embezzlement[6], aggravated battery, and three drug trafficking charges (**Doc. 98 at 1–2**). *Old Chief*, 519 U.S. at 181. These convictions do not inflame the passions and they are not sufficiently similar to risk improper propensity. *See Albers*, 93 F.3d at 1480 ("[T]he prior conviction, its general nature, and punishment of felony range were fair game for testing the defendant's credibility.")

For these reasons, the Government's motion carries the day.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' Rule 609 Motion (**Doc. 98**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States' Motion to Admit Defendant's Prior Conviction Documents (**Doc. 100**) is **GRANTED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Embezzlement is a crime of untruthfulness or dishonesty under Fed. R. Evid. 609(a). *See United States v. Mejia-Alarcon*, 995 F.2d 982, 989 (10th Cir. 1993); *United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998).